# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CINDY HARAKAL,

     Plaintiff,

v.                                 CASE NO.:

COMPOSITE MOTORS, INC.,

     Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CINDY HARAKAL, (hereinafter "Ms. Harakal" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, COMPOSITE MOTORS, INC., (hereinafter "Composite," "Company," or Defendant") and states the following:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on her age and perceived disability and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII")

and its implementing Regulations; the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act (ADEA); and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"). In addition, Plaintiff seeks to redress violations by Defendant of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2.     As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her age and disability and retaliated against her in violation of her rights under Title VII, the ADA, the ADEA, and the FCRA. Plaintiff further alleges that Defendant unlawfully interfered with the exercise of Plaintiff's FMLA rights and unlawfully retaliated against her for exercising those rights in violation of the FMLA.

3.     As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hernando County, Florida.

## PARTIES

8.      The Plaintiff is CINDY HARAKAL, a sixty-year-old female who resides in Hernando County, Florida that contracted COVID-19 in November 2021.

9.      Plaintiff is a member of a class protected against discrimination based on her age and disability by Title VII, the ADA, the ADEA and the FCRA.

10.      During the period from April 2016, until November 18, 2021, Defendant employed Plaintiff.

11.      At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.      At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA.

13.      The Defendant is COMPOSITE MOTORS, INC., a Florida Profit Corporation principally located at 15446 Flight Path Drive, Brooksville, Florida 34604-6823 in Hernando County.

14.      At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hernando County, Florida.

15.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the ADA, the ADEA, the FCRA, and FMLA.

16.     Accordingly, Defendant is liable under Title VII, the ADA, the ADEA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff and is liable under the FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On January 4, 2022, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging, among other things, age and disability discrimination and retaliation.

19.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not

conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

20.    All conditions precedent to bringing this action have been performed or have occurred.

## **GENERAL ALLEGATIONS**

21.    In April 2016, Composite hired Ms. Harakal to work as a Front Desk Receptionist.

22.    Around May 2021, Human Resources Manager at Composite Motors, Inc., Sarah Murphy (44), announced that she was pregnant.

23.    Following Ms. Murphy's pregnancy announcement, Composite selected Ms. Harakal to begin training in Composites Human Resources Department. While employed in Composite's HR Department, Ms. Harakal's job duties included processing payroll, setting up employees in Composite's employee management system, enrolling employees in their selected benefits, and performing new hire training.

24.    In June 2021, Composite hired Lisa Gavin (40) as a Human Resources Generalist.

25.     On October 1, 2021, Ms. Murphy took maternity leave and Ms. Gavin became Ms. Harakal's direct supervisor.

26.     On November 8, 2021, Composite notified Ms. Harakal that one of her coworkers had tested positive for COVID-19 and told Ms. Harakal that she needed to go home, to isolate and get tested for the virus.

27.     Following Composite's instructions, Ms. Harakal left work for the day and got tested for Covid. A few days later, Ms. Harakal received notification that she had tested positive for COVID-19.[1]

28.     Following her positive test, Ms. Harakal notified Ms. Gavin of the results and Ms. Gavin told Ms. Harakal that she would need to quarantine until November 22, 2021, per CDC protocols.

29.     On or about November 18, 2021, Ms. Harakal received a call from Ms. Gavin and Sheri Jones-Montes De Oca (57), Chief Operating Officer at Composite Motors, Inc., letting her know that her position had been terminated; no reason was given for Ms. Harakal's termination.

---

[1] CDC has explained that the risk for severe illness with COVID-19 increases with age, with older adults at the highest risk.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT
### Discrimination based on Disability
### 42 U.S.C. §§ 12101-12213.

30.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     Plaintiff is a sixty-year-old female who resides in Hernando County, Florida that contracted COVID-19 in November 2021.

32.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

33.     At all times material herein, Defendant was and is an "employer" within the meaning of the ADA. 42 U.S.C. § 12101 et seq.

34.     Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

35.     At all times material herein, Defendant employed Plaintiff.

36.     At all times material herein, Defendant discriminated against Plaintiff because of her disability.

37.     Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors,

managers, and other persons and to protect Plaintiff from harassment in the workplace.

38.    Plaintiff believed that Defendant's actions materially altered the terms and conditions of her employment.

39.    Plaintiff did not welcome the acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

40.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination of Plaintiff, but did not take prompt remedial action to eliminate the unlawful behavior.

41.    Defendant violated the ADA by subjecting Plaintiff to harassment because of her disability by failing to promptly correct the harassment once it learned of it.

42.    Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff failed to promptly take steps to correct the conduct.

43.    Instead, as more particularly alleged hereinabove, Defendant's

personnel further perpetuated the discrimination by terminating Plaintiff's employment on November 18, 2021.

44.     The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived her of statutory rights under the ADA.

45.     Defendant's actions constitute discrimination and retaliation in violation of the ADA.

46.     As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, CINDY HARAKAL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, COMPOSITE MOTORS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination she has endured;

C.   Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.     Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF ADEA

47.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

48.    Plaintiff's age was a determining factor in Defendant's decision to terminate her.

49.    Defendant knowingly and willfully discriminated against Plaintiff based on her age in violation of the ADEA.

50.     As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered from a loss of income and benefits for all of which she should be compensated.

WHEREFORE, Plaintiff, CINDY HARAKAL, demands judgment against Defendant and requests the following relief:

A.     Back pay;

B.     Front pay;

C.     Liquidated damages pursuant to 29 U.S.C. § 626(b);

D.     Attorney's fees and costs; and

E.     Other such relief as may be appropriate to effectuate the purposes of the ADEA.

## COUNT III
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### FMLA Retaliation

51.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

52.     The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible

employees taking, or attempting to take, leave under the FMLA.

53.     Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting her rights under the FMLA. 29 U.S.C. § 2615(a)(2).

54.     As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FMLA.

55.     As more particularly alleged hereinabove, Plaintiff qualified for leave under the FMLA.

56.     Plaintiff engaged in statutorily protected activity by exercising her rights to take leave under the FMLA.

57.     Defendant knew that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to protected leaves of absence under the FMLA.

58.     Defendant violated the FMLA and retaliated against Plaintiff by, among other things; demoting Plaintiff under false pretenses and terminating Plaintiff's employment under false pretenses.

59.     Defendant terminated Plaintiff in retaliation for her protected activity.

60.     A causal connection exists between Plaintiff's requesting, taking and/or attempting to take FMLA leave and Defendant's adverse employment actions and ultimate decision to demote then terminate Plaintiff's employment.

61.     As more particularly alleged herein above, Defendant demoted then terminated Plaintiff without a legitimate nondiscriminatory basis for the decision.

62.     Defendant's aforementioned actions and omissions constitute violations of the FMLA.

63.     As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

64.     In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

65.     Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

66.     Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, the Plaintiff, CINDY HARAKAL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, COMPOSITE MOTORS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that Defendant demoted, discharged, discriminated against and/or retaliated against Plaintiff for taking leave under the FMLA and exercising her rights under the FMLA;

B.     Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from

Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered because of such unlawful employment practices in violation of the FMLA;

C.      Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.      Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT IV**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Disability Discrimination**

67.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

68.     Plaintiff, a sixty-year-old female who resides in Hernando County, Florida that contracted COVID-19 in November 2021, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her disability.

69.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

70.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

71.     At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

72.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on her disability.

73.    As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

74.    Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment and disparate treatment because of her disability.

75.    Plaintiff, by being subjected to this harassment, disparate treatment, and discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

76.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

77.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, CINDY HARAKAL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, COMPOSITE MOTORS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Age Discrimination

78.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 29 of this

Complaint as though fully set forth herein.

79.   Plaintiff is a sixty-year-old female who resides in Hernando County, Florida.

80.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

81.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

82.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

83.   At all times material herein, Plaintiff's supervisor Lisa Gavin discriminated against Plaintiff because of her age.

84.   Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in

the workplace.

85.    Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit them by her own acts or statements.

86.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Ms. Gavin's discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

87.    Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of her age.

88.    Plaintiff, by being subjected to discrimination was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

89.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

90.    As a direct, proximate, and foreseeable result of Defendant's

aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, CINDY HARAKAL, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, COMPOSITE MOTORS, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her age;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related

benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff respectfully requests a trial by jury.

Date this 22nd day of September 2022.

*/s/ Jason W. Imler, Esq*

Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
19409 Shumard Oak Dr., Unit 103
Land O' Lakes, Florida 34638
(P): 813-553-7709
Jason@ImlerLaw.com