UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY HARAKAL,

Plaintiff,

vs. Case Number: 8:22-cv-2192-TPB-JSS

COMPOSITE MOTORS, INC.,

Defendant.
_______________________________________/

# MOTION TO DISMISS COMPLAINT

**COMES NOW, the Defendant, Composite Motors, Inc.,** by and through the undersigned attorney and files this Motion to Dismiss the Plaintiff's Complaint (Dkt. No.1) pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and as grounds, therefore, states the following:

## BACKGROUND

1. Plaintiff is a resident of Hernando County, Florida, who contracted COVID-19 in November of 2021. (Dkt. No. 1, ¶ 8).[1]

[1] By citing to the allegations set forth in Plaintiff's Complaint, which the Court must assume to be true at this stage in the proceedings, Defendant is not admitting Plaintiff's allegations are wholly or partly true or otherwise waving its right to deny said allegations.

2. On January 4, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. (Dkt. No. 1, ¶ 18).

3. Plaintiff asserts she is entitled to bring her Florida Civil Rights Act claims as one-hundred and eighty (180) days have expired since her filing of her Charge of Discrimination. (DKT. 1, ¶ 19).

## INCORPORATED MEMORANDUM OF LAW

4. The Plaintiff has filed causes of action for Discrimination based on Disability, FMLA Retaliation and Age Discrimination, without first obtaining a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1).

5. The Plaintiff bears the burden of establishing that she filed her complaint within ninety (90) days of receipt of the EEOC's right-to-sue letter. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

6. The Plaintiff has failed to allege the receipt of her right-to-sue letter and in fact has alluded that the only viable causes of action are under the Florida Civil Rights Act. (Dkt. No. 1, ¶ 19). Without receipt of a right-to-sue letter from the EEOC, the Plaintiff's Federal causes of action are premature and should be dismissed.

7. The Plaintiff has failed to state a cause of action under the Americans with Disability Act.

8. In analyzing the sufficiency of the Plaintiff's pleadings in order to survive a motion to dismiss, the Plaintiff must plead facts sufficient to show that her claim has substantive plausibility. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). The Court is not bound to accept conclusory statements of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S.662, 678-679, (2009). A plaintiff's obligation to provide the grounds for her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

9. In this claim, the Plaintiff, alleges the Plaintiff is a sixty-year-old female that contracted COVID-19. (Dkt. No. 1, ¶ 31). To sufficiently plead a prima facie case of discrimination under the ADA, the Plaintiff must allege (1) that she has a disability, (2) that she was qualified for the job, and (3) that her employer is a covered entity and discriminated against her because of her disability. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

10. The ADA defines disability as either (1) a physical or mental impairment that substantially limits one or more major life activities of such individual;

(2) a record of such impairment; or (3) being regarded as having such impairment. 42 U.S.C. § 12102(1). The Plaintiff has failed to sufficiently allege that she suffered from a disability under any of the criteria as defined by the ADA.

11. To have an actual disability under the ADA, an individual must have a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A).

12. The Plaintiff has failed to allege how her COVID-19 test results affected a major life activity and therefore has not sufficiently pled an actual disability.

13. The Plaintiff's claim for discrimination under the ADA fails because she makes merely a conclusory statement that she is disabled and suffered discrimination. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Ashcroft* at 678.

14. In Count II, the Plaintiff alleges age discrimination in violation of ADEA. Plaintiff claims age was a determining factor in Defendant's decision to

terminate her. (Dkt. No. 1, ¶ 48). Plaintiff has asserted no plausible allegations that suggest she was discriminated based on her age. Factual allegations must be enough to raise a right of relief above the speculative level. The complaint must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Twombly* at 555. The Plaintiff has failed to meet the pleading standard for a cause of action under the ADEA. In addition, this cause of action is premature.

15. In Count III, the Plaintiff alleges a violation of the Family Medical Leave Act specifically retaliation. Plaintiff's complaint does not state a plausible FMLA claim. The Plaintiff never notified the Defendant of her desire to file for FMLA despite working in the department responsible for such filing.

16. The Plaintiff failed to allege a qualifying serious health condition. The FMLA provides employees unpaid leave for up to twelve weeks in a twelve-month period because of a serious health condition that makes the employee unable to perform the functions of the employee's position. 29 U.S.C. § 2612(a)(1)(D).

17. The term serious health condition means an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital,

hospice, or residential medical care facility; or (B) continuing treatment by a health care provider. 29 U.S.C. § 2611 (11). An FMLA retaliation claim requires the employee to establish a serious health condition. *Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir.2003). The Plaintiff, therefore, does not state a cause of action for FMLA retaliation.

18. In Count IV, the Plaintiff alleges a violation of the Florida Civil Rights Act, specifically Disability Discrimination. Florida courts construe the Florida Civil Rights Act in conformity with the Americans with Disability Act. A disability discrimination cause of action is analyzed under the ADA. *Tourville v. Securex, Inc.*, 769 So. 2d 491 (Fla. 4th DCA 2000). As stated above the Plaintiff has failed to state a cause of action under the ADA and therefore has failed to state a cause of action for disability discrimination under the Florida Civil Rights Act. Mere conclusory allegations are insufficient.

19. Count V (mistitled as Count VII), the Plaintiff has alleged a violation of the Florida Civil Rights Act, Age Discrimination. The Florida Civil Rights Act prohibiting Age Discrimination follows federal law, which prohibits age discrimination through the Age Discrimination in Employment Act. Federal case law interpreting the ADEA applies to cases arising under the

FCRA. Brown Distrib. Co. of W. Palm Beach v. Marcell, 890 So. 2d 1227, 1230 (Fla. 4th DCA 2005).

20. Age discrimination statutes protect only employment decisions which disadvantage an older worker in favor of a younger worker. *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581 (2004).

21. The Plaintiff has alleged that her supervisor Lisa Gavin discriminated against her because of her age. (Dkt. No. 1, ¶ 83). This conclusory allegation alone, as stated above, is insufficient to state a cause of action for age discrimination under the FCRA. *Twombly* at 555.

WHEREFORE, for all the foregoing reasons, Defendant, Composite Motors, Inc., respectfully moves this Court to dismiss Plaintiff's complaint and for the Court to provide all other relief as the Court finds just and proper.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), Defendant hereby certifies that it conferred with Plaintiff's Counsel on October 20, 2022. Plaintiff objected to the relief sought.

Dated this 21st day of October 2022.

Respectfully submitted,

/s/ Andrew J. Salzman

Florida Bar No. 0603929
Unice Salzman Jensen P.A.
1815 Little Road
Southstate Bank Building
Trinity, FL 34655
Telephone: (727) 723-3772
Facsimile: (727) 723-1421
Email: asalzman@unicesalzman.com
msolt@unicesalzman.com
service@unicesalzman.com
Attorneys for Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has been furnished via Electronic Mail to **Jason Imler, Esquire,** Imler Law, Jason@ImlerLaw.com, 19409 Shumard Oak Dr., Unit 103 Land O'Lakes, Florida, this 21st day of October 2022.

/s/ Andrew J. Salzman

**ANDREW J. SALZMAN, ESQUIRE**
FBN #0603929
**UNICE SALZMAN JENSEN, P.A.**
SouthState Bank Building, Second Floor
1815 Little Road
Trinity, Florida 34655
(727) 723-3772/ fax (727) 723-1421
Attorneys for Defendant
Primary Email: service@unicesalzman.com
Secondary e-mail: msolt@unicesalzman.com
asalzman@unicesalzman.com