UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY HARAKAL,

    Plaintiff,

v.                                                                    Case No. 8:22-cv-2192-TPB-JSS

COMPOSITE MOTORS, INC.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S "MOTION TO DISMISS COMPLAINT"**

    This matter is before the Court on Defendant Composite Motors, Inc.'s "Motion to Dismiss Complaint," filed October 21, 2022. (Doc. 11). Plaintiff Cindy Harakal filed her response in opposition on November 17, 2022. (Doc. 15). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

    Plaintiff Cindy Harakal, a sixty-year-old woman, was employed by Defendant Composite Motors, Inc. from April 2016 until November 18, 2021. She was hired as a front desk receptionist but later trained and began working as a human resources generalist in or around May 2021.

    On November 8, 2021, Defendant notified Plaintiff that one of her coworkers had tested positive for COVID-19 and sent her home to test for the virus. A few days later, Plaintiff received notification that she had tested positive for COVID-19. After she notified her supervisor, Plaintiff was instructed to quarantine until November 22, 2021, per protocols issued by the Centers for Disease Control and Prevention. On

November 18, 2021, Plaintiff received a phone call informing her that her position had been terminated, but she was not given a reason for the termination.

On September 22, 2022, Plaintiff filed suit against Defendant, asserting claims for disability discrimination under the Americans with Disabilities Act ("ADA") (Count I), age discrimination under the Age Discrimination in Employment Act ("ADEA") (Count II), retaliation under the Family and Medical Leave Act ("FMLA") (Count III), disability discrimination under the Florida Civil Rights Act ("FCRA") (Count IV), and age discrimination under the FCRA (Count V).[1]

Defendant seeks dismissal of all claims, arguing that Plaintiff has failed to state any facially sufficient claims.[2] "Disability and age-related discrimination actions under the FCRA are analyzed under the same frameworks as the ADA and ADEA, respectively." *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014) (citing *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000); *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997)).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does

---

[1] The Court notes that Count V was mislabeled as "Count VII" – the amended complaint should correct this scrivener's error. The Court will refer to the claim as Count V in this Order.

[2] In the motion to dismiss, Defendant also sought dismissal of the federal claims for lack of jurisdiction because Plaintiff had not received a right to sue letter from the Equal Employment Opportunity Commission. However, a few days after the motion was filed, the EEOC issued the right-to-sue letter. The parties agree this defect has been cured, so the motion is denied as moot as to this ground.

require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Disability Discrimination Claims (Counts I and IV)*

Defendant argues that Plaintiff has failed to state facially sufficient disability discrimination claims in Counts I and IV. As an initial matter, the Court notes that it is not clear whether Plaintiff is pursing claims based on having a disability or being regarded as having a disability. Courts examine these types of claims differently and apply different legal standards. Consequently, the disability discrimination claims are dismissed on shotgun pleading grounds, with leave to amend to clarify the legal theories under which Plaintiff proceeds. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *McCone v. Exela Technologies, Inc.*,

No. 6:21-cv-912-CEM-DCI, 2022 WL 801772, at *5 (M.D. Fla. Jan. 14, 2022).  If Plaintiff wishes to assert both theories as alternative claims, they should be separated into separate counts.

To the extent that Plaintiff asserts a disability discrimination claim, her claim appears to be facially insufficient.  In a disability discrimination claim, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated individuals outside of her protected class.  *See, e.g., Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013).  A plaintiff must also show that her disability is the but-for cause of the allegedly discriminatory conduct.  *See, e.g., King v. HCA*, 825 F. App'x 733, 736 (11th Cir. 2020).  Although a plaintiff need not plead a prima facie case to survive a motion to dismiss an ADA disability discrimination claim, she must allege sufficient facts to plausibly suggest intentional discrimination.  *See, e.g., Booth v. City of Roswell*, 754 F. App'x 834, 836-37 (11th Cir. 2018).

The allegations of the complaint are vague concerning Plaintiff's symptoms and experience with COVID-19.  It would be absurd to hold that any employee who contracted COVID-19 was disabled.  *See, e.g., Champion v. Mannington Mills, Inc.*, 538 F. Supp. 3d 1344, 1348 (M.D. Ga. 2021) ("The Court has little trouble disagreeing with [the plaintiff's] legally-flawed position that *anyone* alleged to have COVID-19 is 'disabled' as that term is defined by the ADA."); *McCone*, 2022 WL 801772, at *4 (explaining that "being infected with COVID-19, standing alone, does not meet the ADA's definitions of disability or impairment").  After all, although some people

diagnosed with COVID-19 may suffer from severe symptoms that impact major life activities, many people exhibit no symptoms at all, or minimal symptoms akin to the common cold.  If Plaintiff is proceeding with an actual disability claim, in her amended complaint, she should include additional facts to generally describe her symptoms and explain how COVID-19 substantially limited a major life activity.  Although an intricate description of Plaintiff's condition is not necessary, failing to allege a single symptom falls short of pleading standards.  *See Champion,* 538 F. Supp. 3d at 1348.

***FMLA Retaliation Claim (III)***

Defendant contends that Plaintiff has failed to state an FMLA retaliation claim because she never notified her employer of her desire to apply for FMLA leave and failed to allege a qualifying serious health condition.  The complaint generally alleges that Plaintiff exercised her right to take FMLA leave, and Defendant knew but terminated her anyway.  But in opposition to the motion to dismiss, Plaintiff appears to acknowledge that she did not actually apply for FMLA leave – rather, she intended to, and Defendant should have known her intent based on her COVID-19 diagnosis.

"A plaintiff bringing an FMLA retaliation claim must show that [her] employer intentionally discriminated against [her] in the form of an adverse employment action for having exercised an FMLA right."  *Tanner v. Stryker Corp. of Michigan*, No. 8:21-cv-2293-VMC-TGW, 2022 WL 17338859, at *6 (M.D. Fla. Nov. 30, 2022) (quoting *Bradley v. Army Fleet Support, LLC*, 54 F. Supp. 3d 1272, 1282 (M.D. Ala. 2014)).  Although the complaint alleges that Plaintiff engaged in statutorily protected activity by exercising her right to take FMLA leave (Doc. 1 at ¶¶ 53; 56-57), the response in opposition indicates that Plaintiff had not submitted any FMLA paperwork while

arguing that her employer was instead "fully aware" of her need to quarantine based on her positive COVID-19 test. Due to this conflict, the Court will dismiss this claim with leave to amend, if Plaintiff may do so in good faith.[3]

Defendant additionally argues that this claim is subject to dismissal because Plaintiff fails to identify a serious health condition that would make her eligible for FMLA leave. The Court agrees. As the Court explained in its analysis of the disability discrimination claims, the complaint does not identify or describe any of Plaintiff's symptoms. As such, she has not pled sufficient facts to establish a serious health condition under the FMLA. If Plaintiff chooses to amend this claim, she should at least generally describe her symptoms.

### *Age Discrimination Claims (Counts II and V)*

Defendant argues that Plaintiff has failed to state her age discrimination claims by not including plausible factual allegations that she was discriminated against because of her age. A plaintiff does not need to plead a prima facie case for job discrimination to survive a motion to dismiss. *See Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). Rather, a plaintiff must simply allege facts "adequate to raise her right to relief above a speculative level." *Id*.

---

[3] The Court notes that if Plaintiff did not actually apply for or take FMLA leave, an interference claim may be appropriate. However, the assertions in the response in opposition appear to cut against this type of claim, which requires that the employer have notice that an employee intends to take FMLA leave. A COVID-19 diagnosis itself does not constitute sufficient notice that FMLA leave is needed. *See Rosa v. MiTek, Inc.*, No. 4:21-cv-00187-SEP, 2022 WL 4447408, at *4 (E.D. Miss. Sept. 23, 2022) (collecting cases).

Here, Plaintiff has alleged that she was sixty years old and was terminated without reason during her mandated quarantine after she tested positive for COVID-19. She does not include any facts that suggest age discrimination, such as being replaced by a younger employee, or any disparate treatment compared to younger employees. *See Agostino v. Lee County Board of County Commissioners*, No. 2:17-cv-236-FtM-99CM, 2017 WL 2930807, at *2-3 (M.D. Fla. July 10, 2017). The motion to dismiss is granted as to Counts II and V, with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Dismiss Complaint" (Doc. 11) is **GRANTED.** Counts I, II, III, IV, and V of Plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2. Plaintiff is directed to file an amended complaint on or before January 6, 2023. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of December, 2022.

                **TOM BARBER**
                **UNITED STATES DISTRICT JUDGE**