UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY HARAKAL,

Plaintiff,

vs. Case Number: 8:22-cv-2192-TPB-JSS

COMPOSITE MOTORS, INC.,

Defendant.
_______________________________/

# MOTION TO DISMISS AMENDED COMPLAINT OR IN THE ALTERNATIVE COMPEL ARBITRATION

**COMES NOW, the Defendant, Composite Motors, Inc.,** by and through the undersigned attorney and files this Motion to Dismiss the Plaintiff's Amended Complaint (Dkt. No. 25) pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or in the Alternative Compel Arbitration, and as grounds, therefore, states the following:

## BACKGROUND

1. Plaintiff is a resident of Hernando County, Florida, who contracted COVID-19 in November of 2021. (Dkt. No. 1, ¶ 8).[1]

[1] By citing to the allegations set forth in Plaintiff's Complaint, which the Court must assume to be true at this stage in the proceedings, Defendant is not admitting Plaintiff's allegations are wholly or partly true or otherwise waving its right to deny said allegations.

2. On January 4, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. (Dkt. No. 1, ¶ 18).
3. Plaintiff executed an Employment Agreement which requires mandatory arbitration (Attached as Exhibit A) the Court therefore does not have subject matter jurisdiction.

**INCORPORATED MEMORANDUM OF LAW**

4. The Plaintiff has filed causes of action for Discrimination based on Disability, FMLA Retaliation and Age Discrimination, these matters are subject to binding arbitration.
5. The Court does not have subject matter jurisdiction at this time and arbitration should be compelled. *Schriever v. Navient Solutions, Inc.,* 2014 U.S. Dist. LEXIS 175420 (M.D. Fla. 2014).
6. If the Court denies the Motion to Dismiss and/or to Compel Arbitration, the Defendant asserts that the Amended Complaint is subject to a Motion to Dismiss.
7. The Plaintiff has failed to state a cause of action under the Americans with Disability Act.

8. In analyzing the sufficiency of the Plaintiff's pleadings in order to survive a motion to dismiss, the Plaintiff must plead facts sufficient to show that her claim has substantive plausibility. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). The Court is not bound to accept conclusory statements of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S.662, 678-679, (2009). A plaintiff's obligation to provide the grounds for her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

9. To sufficiently plead a prima facie case of discrimination under the ADA, the Plaintiff must allege (1) that she has a disability, (2) that she was qualified for the job, and (3) that her employer is a covered entity and discriminated against her because of her disability. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

10. The ADA defines disability as either (1) a physical or mental impairment that substantially limits one or more major life activities of such individual; (2) a record of such impairment; or (3) being regarded as having such impairment. 42 U.S.C. § 12102(1). The Plaintiff has alleged that she suffers from essential tremors, arthritis and migraines which substantially limits her major life activity at times. (Dkt. No. 25, ¶ 36)

11. To have an actual disability under the ADA, an individual must have a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A).

12. The Plaintiff has stated that "COVID substantially limited her major life activity because she was under quarantine and not working, cooking, washing clothes, cleaning, with limited walking and issues caring for herself." (Dkt. No. 25, ¶ 40)

13. The Plaintiff being under quarantine is a temporary situation and does not establish how she had acquired substantial limitation in a major life activity. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working. *Corning v. LodgeNet Interactive Corp.*, 896 F. Supp. 2d 1138, 1145 (M.D. Fla. 2012)

14. The Plaintiff's claim for discrimination under the ADA fails because she makes merely a conclusory statement that she is disabled and suffered discrimination. There are no facts allegeded that CMI knew of the Plaintiff's alleged "symptoms" let alone discriminated or allowed

harassment against her. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Ashcroft* at 678. In fact, there are no specific facts alleged to establish any discrimination or harassment by the Defendant.

15. In Count II, the Plaintiff alleges age discrimination in violation of ADEA. Plaintiff claims age was a determining factor in Defendant's decision to terminate her. (Dkt. No. 25, ¶ 58). Plaintiff has asserted no plausible allegations that suggest she was discriminated based on her age. Factual allegations must be enough to raise a right of relief above the speculative level. The complaint must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Twombly* at 555. The Plaintiff has failed to meet the pleading standard for a cause of action under the ADEA.

16. To establish a prima facie case for an ADEA violation, the Plaintiff must show that she (1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, and (4) was replaced by a substantially younger individual. *Kosher v. Protective Life Corp., 649 F. App'x*, 774, 778 (11th Cir. 2016). Additionally, under the ADEA, "a plaintiff must prove that [age] discrimination was the 'but-for' cause of the adverse employment action." *Sims v. MVM, Inc.,* 704 F.3d

1327, 1332 (11th Cir. 2013). The Plaintiff has failed to allege the necessary elements to establish a prima facie case under the ADEA.

17. In Count III, the Plaintiff alleges a violation of the Family Medical Leave Act specifically retaliation. Plaintiff's complaint does not state a plausible FMLA claim. The Plaintiff never notified the Defendant of her desire to file for FMLA despite working in the department responsible for such filing.

18. The Plaintiff failed to allege a qualifying serious health condition. The FMLA provides employees unpaid leave for up to twelve weeks in a twelve-month period because of a serious health condition that makes the employee unable to perform the functions of the employee's position. 29 U.S.C. § 2612(a)(1)(D).

19. The term serious health condition means an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider. 29 U.S.C. § 2611 (11). An FMLA retaliation claim requires the employee to establish a serious health condition. *Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir.2003). The Plaintiff, therefore, does not state a cause of action for FMLA retaliation.

20. In Count IV, the Plaintiff alleges a violation of the Florida Civil Rights Act, specifically Disability Discrimination. Florida courts construe the Florida Civil Rights Act in conformity with the Americans with Disability Act. A disability discrimination cause of action is analyzed under the ADA. *Tourville v. Securex, Inc.*, 769 So. 2d 491 (Fla. 4th DCA 2000). As stated above the Plaintiff has failed to state a cause of action under the ADA and therefore has failed to state a cause of action for disability discrimination under the Florida Civil Rights Act. Mere conclusory allegations are insufficient.

21. Count V, the Plaintiff has alleged a violation of the Florida Civil Rights Act, Age Discrimination. The Florida Civil Rights Act prohibiting Age Discrimination follows federal law, which prohibits age discrimination through the Age Discrimination in Employment Act. Federal case law interpreting the ADEA applies to cases arising under the FCRA. *Brown Distrib. Co. of W. Palm Beach v. Marcell*, 890 So. 2d 1227, 1230 (Fla. 4th DCA 2005).

22. Age discrimination statutes protect only employment decisions which disadvantage an older worker in favor of a younger worker. *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581 (2004).

23. The Plaintiff has alleged that younger coworkers were treated differently from her. (Dkt. No. 25, ¶ 106). This conclusory allegation alone, as stated above, is insufficient to state a cause of action for age discrimination under the FCRA. *Twombly* at 555.

24. The Plaintiff has alleged that a younger employee was given maternity leave, how the Plaintiff, who is admittedly sixty years old and not pregnant, was treated differently regarding maternity leave is not explained in the pleadings. Two other employees were promoted yet there is no allegation that the Plaintiff suffered age discrimination based on a failure to be promoted. There are no allegations contained in the pleadings how the Plaintiff was discriminated based on her age.

WHEREFORE, for all the foregoing reasons, Defendant, Composite Motors, Inc., respectfully moves this Court to dismiss Plaintiff's complaint or in the alternative compel arbitration and for the Court to provide all other relief as the Court finds just and proper.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), Defendant hereby certifies that it conferred with Plaintiff's Counsel on January 13, 2023. Plaintiff objected to the relief sought.

Dated this 13th day of January 2023.

Respectfully submitted,

/s/ Andrew J. Salzman

Florida Bar No. 0603929
Unice Salzman Jensen P.A.
1815 Little Road
Southstate Bank Building
Trinity, FL 34655
Telephone: (727) 723-3772
Facsimile: (727) 723-1421
Email: asalzman@unicesalzman.com
msolt@unicesalzman.com
service@unicesalzman.com
Attorneys for Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has been furnished via Electronic Mail to **Jason Imler, Esquire, and Brian Gruber, Esquire,** Imler Law, Jason@ImlerLaw.com, Brian@ImlerLaw.com, 19409 Shumard Oak Dr., Unit 103 Land O'Lakes, Florida, this 21st day of January 2023.

/s/ Andrew J. Salzman

**ANDREW J. SALZMAN, ESQUIRE**
FBN #0603929
**UNICE SALZMAN JENSEN, P.A.**

SouthState Bank Building, Second Floor
1815 Little Road
Trinity, Florida 34655
(727) 723-3772/ fax (727) 723-1421
Attorneys for Defendant
Primary Email: service@unicesalzman.com
Secondary e-mail: msolt@unicesalzman.com
asalzman@unicesalzman.com

Cindy

COMPOSITE MOTORS, INC.

# EMPLOYMENT, CONFIDENTIAL INFORMATION AND INVENTION ASSIGNMENT AGREEMENT

As a condition of my employment with Composite Motors, Inc., it subsidiaries, affiliates, successors or assigns (together the "Company"), and in consideration of my employment with the Company and my receipt of compensation now and hereafter paid to me by Company, I agree to the following:

**1. AT-WILL EMPLOYMENT**

I UNDERSTAND AND ACKNOWLEDGE THAT MY EMPLOYMENT WITH THE COMPANY IS FOR AN UNSPECIFIED DURATION AND CONSTITUTES "AT-WILL" EMPLOYMENT. I ACKNOWLEDGE THAT THIS EMPLOYMENT RELATIONSHIP MAY BE TERMINATED AT ANY TIME, WITH OR WITHOUT GOOD CAUSE OR FOR ANY OR NO CAUSE, AT THE OPTION OF EITHER OF THE COMPANY OR MYSELF, WITH OR WITHOUT NOTICE.

**2. CONFIDENTIAL INFORMATION**

a. **Company Information.** I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use, except for the benefit of the Company, or to disclose to any person, firm or corporation without written authorization of the Company any Confidential Information of the Company. I understand that "Confidential Information" means any Company proprietary information, technical data, trade secrets or know-how including., but not limited to, research, product plans, products, services, customer lists and customers (including, but not limited to, customers of the Company on whom I called or with whom I became acquainted during the term of my employment), markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed to me by the Company either directly or indirectly in writing, orally or by drawings or observation of parts or equipment. I further understand that Confidential Information does not include any of the foregoing items which has become publicly known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the item or items involved.

b. **Trade Secrets.** I agree that the use or dissemination of any Confidential Information as described above, whether by me or by any other person or entity, constitutes unfair trade practices. I agree to not employ unfair trade practices during the time of this employ or at any time thereafter.

jcj ______ Company's Initials

ch ______ Employee's Initials



DEFENDANT'S EXHIBIT A

c. **Former Employer Information.** I agree that I will not, during my employment with the Company, improperly use or disclose any proprietary information or trade secrets of any former or concurrent employer or other person or entity and that I will not bring onto the premises of the Company any unpublished document or proprietary information belonging to any such employer, person or entity unless consented to in writing by such employer, person or entity.

d. **Third Party Information.** I recognize that the Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party.

3. INVENTIONS AND WORKS

a. **Invention Retained and Licensed.** I have attached hereto, as Exhibit A, a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to my employment with the Company (collectively referred to as "Prior Inventions"), which belong to me, which relate to the Company's proposed business, products or research and development, and which are not assigned to the Company hereunder; or, if no such list is attached, I represent that there are no such Prior Inventions. If in the course of my employment with the Company, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, I will notify the company immediately so proper usage licenses may be obtained.

b. **Assignment of Inventions.** I agree that I will promptly make full written disclosure to the Company, will hold in trust for the sole right and benefit of the Company, and hereby assign to the Company, or its designee, all my right, title, and interest in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of the Company (collectively referred to as "Inventions"), I further acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of and during the period of my employment with the Company and which are protectable by copyright are "works made for hire" as that term is defined in the United States Copyright Act.

c. **Inventions Assigned to the United States.** I agree to assign to the United States government all my right, title, and interest in and to any and all Inventions

Company's Initials

Employee's Initials

whenever such full title is required to be in the United States by a contract between the Company and the United States or any of its agencies.

d. **Maintenance of Records.** I agree to keep and maintain adequate and current written records of all Inventions made by me (solely or jointly with others) during the term of my employment with the Company. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by the Company. The records will he available to and remain the sole property of the Company at all times.

e. **Patent and Copyright Registrations.** I agree to assist the Company, or its Designee, at the Company's expense, in every proper way to secure the Company's rights in the Inventions and any copyrights, patents, mask work rights or other intellectual property rights relating thereto in any and all countries, including the disclosure to the Company of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments and all other instruments which the Company shall deem necessary in order to apply for and obtain such rights and in order to assign and convey to the Company, its successors, assigns, and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or other intellectual property rights relating thereto. I further agree that my obligation to execute or cause to he executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement. If the Company is unable, because of my mental or physical incapacity or for any other reason, to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to the Company as above, then I hereby irrevocably designate and appoint the Company and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and tile any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent or, copyright registrations thereon with the same legal force and effect as if executed by me.

**4. RETURNING COMPANY DOCUMENTS**

I agree that, at the time of leaving the employ of the Company, I will deliver to the Company (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings blueprints, sketches, materials, equipment, other documents or property or reproductions of any aforementioned items developed by me pursuant to my employment with the Company or otherwise belonging to the Company, its successors or assigns. In the event of the termination of my employment, I agree to sign and deliver the "Termination Certification" attached hereto as Exhibit B.

jcj
Company's Initials

ca
Employee's Initials

**5. NOTIFICATION OF NEW EMPLOYER**

In the event that I leave the employ of the Company, I hereby grant consent to notification by the Company to my new employer about my rights and obligations under this Agreement.

**6. SOLICITATION OF EMPLOYEES**

I agree that for a period of twelve (12) months immediately following the termination of my relationship with the Company for any reason, whether with or without cause, I shall not either directly or indirectly solicit, induce, recruit or encourage any of the Company's employees to leave their employment, or take away such employees, or attempt to solicit, induce, recruit, encourage or take away employees of the Company, either for myself or for any other person or entity.

**7. SOLICITATION OF CUSTOMERS**

I agree that for a period of twenty-four (24) months immediately following the termination of my relationship with the Company for any reason, whether with or without cause, I will not directly or indirectly (either as a sole proprietor, partner, partner with another, director or officer of a corporation, agent, employee, broker, or as a joint venture of otherwise) engage in, contact any other individuals or entities having contractual relationships with Composite Motors on behalf of, or provide services to any person or business that is or was a customer or specifically identified prospective customer of Composite Motors, that is or was a supplier to Composite Motors, or provider of services to any person or business that is or was competitive with any product or service marketed or planned for marketing by Composite Motors, if such person or business is located or doing business anywhere in the United States where Composite Motors has made sales during the term of this Agreement.

**8. CONFLICTING EMPLOYMENT**

I agree that, during the term of my employment with the Company, I will not engage in any other employment, occupation, consulting or other business activity directly related to the business in which the Company is now involved or becomes involved during the term of my employment, nor will I engage in any other activities that conflict with my obligations to the Company.

**9. NON-COMPETE**

I agree, that a result of the disclosure of Confidential Information that will or may arise during the course of my employment with and/or relationship with the Company, and in part, to prevent any possible use or disclosure of Company's Confidential Information, I agree that I, including my agents, servants, employees, or other acting on my behalf, shall not engage, act, or be employed (whether as principle, agent, representative, consultant, shareholder, partner, or otherwise) alone or in association with any other person, corporation, or other entity, and/or otherwise used or utilized by any other person, firm,

Company's Initials                                        Employee's Initials

company or entity competitive with the Company (all collectively referred to as "Competitor") or any prior customer of the Company, in any field which conceptualize, designs, develops, manufactures, assembles, services, distributes and/or sales systems and/or products and/or services identical and/or similar to those offered by the Company and/or being developed by the Company during my employment. I further agree that non-competition with the Company shall be limited to Massachusetts, Florida, and any other state or any possession or territory of the United State of America, or any foreign country, in which any Company carries or carried out, did, or does business (including each state in which a major Customer does business) prior to the end of employment or relationship, and shall be limited in time to a period of two (2) years after the conclusion of employment or relationship.

**10. REPRESENTATIONS**

I agree to execute any proper oath or verify any proper document required to carry out the terms of this Agreement I represent that my performance of all the terms of this Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by the Company. I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

**I ACKNOWLEDGE AND UNDERSTAND THAT THIS IS A LEGALLY BINDING CONTRACT AND THAT BY ACCEPTING EMPLOYMENT AND SIGNING THIS AGREEMENT THAT I AM BOUND TO THE TERMS AND CONDITIONS CONTAINED HEREIN. I HEREBY STATE AND ACKNOWLEDGE THAT I HAVE HAD AMPLE OPPORTUNITY TO CONSULT WITH AN INDEPENDENT ATTORNEY AS TO MY RIGHTS AND OBLIGATIONS CONTAINED HERETO AND THAT I HEREBY SIGN IT FREE FROM ANY AND ALL LEGAL IMPEDIMENTS.**

**11. ARBITRATION AND EQUITABLE RELIEF**

a. **Arbitration**. EXCEPT AS PROVIDED IN SECTION 10(b) BELOW, I AGREE THAT ANY DISPUTE OR CONTROVERSY ARISING OUT OF, RELATING TO, OR CONCERNING ANY INTERPRETATION, CONSTRUCTION, PERFORMANCE OR BREACH OF THIS AGREEMENTJ SHALL BE SETTLED BY ARBITRATION TO BE HELD IN HERNANDO COUNTY FLORID, IN ACCORDANCE WITH THE RULES THEN IN EFFECT OF THE AMERICAN ARBITRATION ASSOCIATION. THE ARB.ITRATOR MAY GRANT INJUNCTIONS OR OTHER RELIEF IN SUCH DISPUTE OR CONTROVERSY. THE DECISION OF THE ARBITRATOR SHALL BE FINAL, CONCLUSIVE AND BINDING ON THE PARTIES TO THE ARBITRATION. JUDGMENT MAY BE ENTERED ON THE ARBITRATOR'S DECISION IN ANY COURT HAVING JURISDICTION. THE COMPANY

Company's Initials          Employee's Initials

AND I SHALL EACH PAY ONE-HALF OF THE COSTS AND EXPENSES OF SUCH ARBITRATION, AND EACH OF US SHALL SEPARATELY PAY OUR COUNSEL FEES AND EXPENSES. THIS ARBITRATION CLAUSE RELATES TO THE RESOLUTION OF ALL DISPUTES RELATING TO ALL ASPECTS OF THE EMPLOYER/EMPLOYEE RELATIONSHIP (EXCEPT AS PROVIDED IN SECTION 10(b) BELOW), INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING CLAIMS:

i) ANY AND ALL CLAIMS FOR WRONGFUL DISCHARGE OF EMPLOYMENT; BREACH OF CONTRACT, BOTH EXPRESS AND IMPLIED; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BOTH EXPRESS AND IMPLIED; NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT OR INTENTIONAL MISREPRESENTATION; NEGLIGENT OR INTENTIONAL INTERFERENCE WITH CONTRACT OR PROSPECTIVE ECONOMIC ADVANTAGE; AND DEFAMATION;

ii) ANY AND ALL CLAIMS FOR VIOLATION OF ANY FEDERAL, STATE OR MUNICIPAL STATUTE, INCLUDING, BUT NOT LIMITED TO, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE CIVIL RIGHTS ACT OF 1991, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE FAIR LABOR STANDARDS ACT;

iii) ANY AND ALL CLAIMS ARISING OUT OF ANY OTHER LAWS AND REGULATIONS RELATING TO EMPLOYMENT OR EMPLOYMENT DISCRIMINATION.

**b. Equitable Remedies.** I AGREE THAT IT WOULD BE IMPOSSIBLE OR INADEQUATE TO MEASURE AND CALCULATE THE COMPANY'S DAMAGES FROM ANY BREACH OF THE COVENANTS SET FORTH IN SECTIONS 2-4 AND 7-8 HEREIN ACCORDINGLY, I AGREE THAT IF I BREACH ANY OF SUCH SECTIONS, THE COMPANY WILL HAVE AVAILABLE, IN ADDITION TO ANY OTHER RIGHT OR REMEDY AVAILABLE, THE RIGHT TO OBTAIN AN INJUNCTION FROM A COURT OF COMPETENT JURISDICTION RESTRAINING SUCH BREACH OR THREATENED BREACH AND TO SPECIFIC PERFORMANCE OF ANY SUCH PROVISION OF THIS AGREEMENT. I FURTHER AGREE THAT NO BOND OR OTHER SECURITY SHALL BE REQUIRED IN OBTAINING SUCH EQUITABLE RELIEF AND I HEREBY CONSENT TO THE ISSUANCE OF SUCH INJUNCTION AND TO THE ORDERING OF SPECIFIC PERFORMANCE.

**12. GENERAL PROVISIONS**

Governing Law and Consent to Personal Jurisdiction. This Agreement will be governed by the laws of the State of Florida. I hereby expressly consent to the personal jurisdiction

jcj ______ Company's Initials

cl ______ Employee's Initials

of the state and federal courts located in Florida for any lawsuit filed there against me by the Company arising from or relating to this Agreement.

**13. ENTIRE AGREEMENT**

This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and supersedes all prior or contemporaneous oral or written agreements. No modification of or amendment to this Agreement, nor any waiver of any rights under this agreement, will be effective unless in writing signed by the party to be charged. Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

**14. SEVERABILITY**

If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

**15. SUCCESSORS AND ASSIGNS**

This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors, and its assigns.

jcj
Company's Initials

ch
Employee's Initials

**SIGNATURE PAGE**

**SIGNATURE PAGE**

| Composite Motors, Inc. | Employee |
|---|---|
| by: Jill J. Jones | by: Cynthia Harokal |
| Name: Jill J. Jones | Name: Cynthia Harokal |
| Title: Vice President<br>Chief Patent Counsel<br>General Counsel | |
| Date: 8/27/19 | Date: 8-23-19 |

jcj
Company's Initials

ch
Employee's Initials

# EXHIBIT A
## LIST OF PRIOR INVENTIONS AND ORIGINAL WORKS OF AUTHORSHIP

| Title | Date of Invention | Identifying Number or Brief Description |
|---|---|---|

__ No inventions or improvements
Additional Sheets Attached

Signature of Employee:

Print Name of Employee:

Date:

jcj
Company's Initials

Employee's Initials

Confidential Information of Composite Motors Inc
This document and the confidential information it contains should not be distributed, routed, or made available to unauthorized persons except with the written permission of Composite Motors Inc
Ver August 13, 2019

**EXHIBIT B**
**Sample Separation Statement**

.I have been fully advised of all my rights under COBRA, and have or will receive within 14 days the Company's COBRA packet

I have been advised of procedures pertaining to unemployment insurance benefits, and have been advised that the Florida Unemployment Insurance Benefit Website is: www.floridajobs.org/unemployment/index.html

I also certify that I do not have in my possession, nor have I failed to return any devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items belonging to the company, it's subsidiaries, affiliates, successor or assigns (together, the "Company"). I further certify that I have complied with all terms of the Company's Employment Confidential Information and Invention Assignment Agreement signed by me including the report of any inventions and original works of authorship (as defined therein), conceived or made by me (solely or jointly with others) covered by that agreement. I further agree that, in compliance with the Employment, Confidential Information and Invention Assignment Agreement, I will preserve as confidential all trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, know-how, design, formulas, developmental or experimental work, computer programs, databases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the company or any of it's employees, clients, consultants or licensees. I further agree that twelve (12) months from this date, I will not hire any employee of the company and will not solicit, include, recruit or encourage any of the Company's current or former employees, customers, suppliers to leave their employment or change their relationship with the Company.

I have returned all physical property belonging to the Company

Employee's Signature Date

(Type/ Print Employee's Name)

jcj
Company's Initials

Employee's Initials